**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3976
_____

BAJRAM ADEMAJ,
                                        Petitioner
          v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                   Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-253-909)
Immigration Judge:  Honorable Susan G. Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2012
Before:  FISHER, WEIS and BARRY, <u>Circuit</u> <u>Judges</u>
(Opinion filed: July 17, 2012)

_____

OPINION
_____

PER CURIAM.

        Bajram Ademaj petitions for review of a final order of removal.  For the

reasons discussed below, we will deny the petition for review.

1

# I.

Inasmuch as we are writing primarily for the parties who are familiar with the facts, we will recite them only as necessary to our decision. Ademaj, a native of the former Yugoslavia and citizen of Kosovo, entered the United States in July 2007, and filed applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. He was thereafter served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted or paroled. At a hearing before an immigration judge ("IJ"), Ademaj admitted the factual allegations underlying the charge and conceded removability.

At a subsequent hearing regarding his requests for relief, Ademaj testified that he left Kosovo because he and his family endured threats and suffered physical and psychological mistreatment at the hands of Albanian extremists. Ademaj claimed that, although he and his family were ethnic Albanians and Muslims, the majority culture in Kosovo, they were viewed as traitors by Albanian extremists because his parents had aided in the construction of a Serbian Orthodox Church prior to the war that ultimately separated Kosovo from Serbia and Montenegro. In addition to mistreatment inspired by his family's activities, Ademaj claimed that he

2

was personally targeted for mistreatment by members of extremist Albanian organizations and political parties due to his support for the Democratic League of Kosovo ("LDK"). As a result, he was repeatedly threatened with death and, on one occasion, was beaten unconscious with an iron rod.

The IJ found that Ademaj had testified credibly and determined that the mistreatment he suffered constituted past persecution. Although that gave rise to a presumption of a well-founded fear of persecution, the IJ concluded that there had been a fundamental change in circumstances in Kosovo and that Ademaj had not otherwise established a well-founded fear of future persecution. The IJ also held that Ademaj's past mistreatment was insufficiently egregious to justify humanitarian asylum, denied all relief, and ordered his removal.

The Board of Immigration Appeals ("BIA") dismissed Ademaj's appeal. It held that "even if [Ademaj] established past persecution on account of a protected ground, the [Government] has rebutted the presumption of a well-founded fear of persecution by demonstrating that there has been a fundamental change in circumstances such that [Ademaj] no longer has a well-founded fear of persecution." The BIA cited two changes in circumstance in support: (1) the LDK controls the presidency of Kosovo and governs the country as part of a coalition government; and (2) after Ademaj left Kosovo, it became an independent nation.

In light of his return trips to Kosovo and the fact that his parents continue to live openly there without suffering any significant harm, the BIA likewise affirmed the IJ's determination that Ademaj had not established a well-founded fear of future persecution. The BIA also agreed that Ademaj was ineligible for a grant of humanitarian asylum, and it affirmed the IJ's denial of relief. Ademaj timely petitioned this Court for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review factual determinations for substantial evidence, and will uphold such determinations unless any reasonable adjudicator would be compelled to reach a contrary conclusion. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005). The BIA's discretionary decision to deny asylum on humanitarian grounds must be upheld unless it is manifestly contrary to law and an abuse of discretion. See 8 U.S.C. § 1252(b)(4)(D).

## III.

Ademaj challenges the BIA's determinations that he was ineligible for humanitarian asylum and that the presumption of a well-founded fear of future persecution was rebutted by changed country conditions.[1]

## A.  Humanitarian Asylum

"[I]n limited circumstances past persecution alone may warrant a grant of asylum, even in the absence of a future threat of persecution."  Al-Fara v. Gonzales, 404 F.3d 733, 740 (3d Cir. 2005) (citing Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989)).  This so-called "humanitarian asylum" is reserved for those applicants who have suffered particularly atrocious persecution.  See Sheriff v. Att'y Gen., 587 F.3d 584, 594 (3d Cir. 2009) (noting that persecution entitling an alien to humanitarian asylum "must have been extreme" and "atrocious").  It has historically been granted to Holocaust survivors, victims of the Chinese "Cultural Revolution," and survivors of the Cambodian genocide, and has been extended in other extremely serious cases.  See id. at 594-95 (remanding to BIA for consideration of humanitarian asylum claim where applicant's home was burned to

---

[1]  We agree with the Government that, although Ademaj referred to a claim of a denial of due process when the IJ disallowed his testimony regarding his siblings, the claim was not developed in Ademaj's brief and is therefore waived.  See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (holding that an issue is waived unless party raises it in opening brief, and reference in passing is not sufficient).  Ademaj has also waived any challenge to the BIA's denial of his requests for withholding of removal and protection under the Convention Against Torture by failing to raise those issues in his brief.  See id.

the ground, and her family members were murdered, injured, and raped); see also

Brucaj v. Ashcroft, 381 F.3d 602, 609-11 (7th Cir. 2004) (remand where BIA

failed to consider claim of applicant who was gang-raped and beaten by soldiers in

front of her parents); Vongsakdy v. INS, 171 F.3d 1203, 1206-07 (9th Cir. 1999)

(granting humanitarian asylum to applicant who was placed in a labor camp,

permanently injured, denied adequate food, and subjected to Communist

"reeducation" program).

Ademaj argues that the mistreatment he suffered was sufficiently egregious

to qualify him for humanitarian relief. While we agree with the BIA that his

mistreatment was deplorable, it falls short of the atrocities contemplated in the

cases mentioned above. The BIA's denial of humanitarian asylum was therefore

not "manifestly contrary to the law and an abuse of discretion." 8 U.S.C.

§ 1252(b)(4)(D).

### B.  Fear of Future Persecution

An alien who establishes past persecution is presumed to have a well-

founded fear of future persecution on the basis of the original claim. See 8 C.F.R. §

208.13(b)(1); Berishaj v. Ashcroft, 378 F.3d 314, 326 (3d Cir. 2004). However, 8

C.F.R. § 208.13(b)(1)(i)(A) also provides that

> an immigration judge ... shall deny the asylum
> application of an alien found to be a refugee on the basis

6

of past persecution if [it] is found by a preponderance of the evidence [that] [t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality . . . .

Generalized improvements in country conditions are insufficient to rebut evidence establishing past persecution; rather "evidence of changed country conditions can successfully rebut an alien's fear of future persecution based on past persecution only if that evidence addresses the specific basis for the alien's fear of persecution." Berishaj, 378 F.3d at 327; see also Sheriff, 587 F.3d at 589-91.

Ademaj contends that the BIA erred by failing to analyze changed country conditions as they relate to the facts of his case and that the facts it relied upon were unrelated to his past mistreatment. Specifically, the BIA based its determination on two distinct facts: (1) the LDK now controls the presidency and governs the country as part of a coalition government; and (2) Kosovo became an independent country in 2008. Although, as Ademaj argues, the LDK controlled the Kosovar government at the time of his past mistreatment, that earlier government was still in the process of assuming responsibility over the country's administration at the time he fled. A.R. at 169 (U.S. State Department, 2008 Human Rights Report: Kosovo at 1 (noting that the Kosovar government "gradually assumed authority and responsibilities in most areas" during the year leading up to its

7

declaration of independence)).  Put another way, although the LDK controlled the *government* at the time Ademaj was persecuted, that government did not control the *country*.  In the intervening years, Kosovo has become independent and the government, still led by the LDK, exerts increased influence over the country itself. Id.  In light of this increased governmental control, we are not compelled to disagree with the BIA's determination that there has been a fundamental change in circumstances such that Ademaj no longer has a well-founded fear of persecution.

We likewise are not compelled to disagree that Ademaj did not otherwise establish that he has a well-founded fear of future persecution.  As we noted in Toure v. Attorney General, "[g]enerally, evidence of similarly-situated family members' continued presence in the country where the persecution allegedly occurred is more probative of whether the petitioner will suffer persecution if he were returned to his home country than whether he suffered persecution in the past." 443 F.3d 310, 319 (3d Cir. 2006).  In this case, Ademaj's parents—whose assistance to Serbian nationals he claims resulted in much of the mistreatment he suffered—have remained in Kosovo and continue to operate a restaurant there.  Ademaj provided no evidence that they have suffered any significant harm as a result.  Accordingly, BIA's determination that Ademaj failed to demonstrate a

8

well-founded fear of persecution is supported by substantial evidence. [2]

## IV.

In sum, because the BIA did not abuse its discretion in denying humanitarian asylum and because substantial evidence supports the BIA's determination that Ademaj did not establish a well-founded fear of future persecution, we will deny the petition for review.

---

[2] Because the BIA's determination that Ademaj did not otherwise establish that he has a well-founded fear of future persecution is adequately supported by other evidence, any alleged error in the BIA's analysis of his return trips to Kosovo was harmless and we need not address his challenge to that aspect of the BIA's decision. Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[W]e will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case.").